IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **FREEMAN BERRY, JR.,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 48405-019,** | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:97-CR-359-RWS-AJB-2** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:16-CV-3868-RWS-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

Movant, Freeman Berry, Jr., confined in the Oakdale I Federal Correctional Institution in Oakdale, Louisiana, has submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in criminal action number 1:97-cr-359-RWS-AJB-2. [Doc. 232.]¹ Movant has also submitted a motion to appoint counsel. [Doc. 234.] The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons discussed below,

---

¹ Citations to the record in this Order and Final Report and Recommendation refer to case number 1:97-cr-359-RWS-AJB-2. Throughout his § 2255 filings, Movant incorrectly lists his criminal case number as "1:97-cr-397." [Doc. 232 at 1, 4; Doc. 234 at 1-6.] The Government also incorrectly printed "1:97-cr-397" on Movant's plea agreement. [Doc. 234-1 at 2.] The defendant in criminal case number 1:97-cr-397-MHS is Charles O. Bickerstaff, not Movant. However, Movant's name and signature appear on the Guilty Plea and Plea Agreement. [Doc. 176 at 2, 4.]

AO 72A
(Rev.8/82)

the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely. In addition, the undersigned **ORDERS** that the motion to appoint counsel is **DENIED**.

I. <u>Background</u>

In 1997, Movant was charged, in relevant part, with the following offenses: (1) conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1341; and (2) using fire or an explosive during the commission of a felony, in violation of 18 U.S.C. § 844(h). [Doc. 232 at 1.] On January 22, 1999, Movant pleaded guilty to those charges. [Doc. 176.] On June 10, 1999, Movant was sentenced to 171 months imprisonment, followed by three years supervised release. [Doc. 204.] Movant's sentence was consecutive to any state sentence that he was serving. [*Id.*] Movant filed a notice of appeal on June 15, 1999. [Doc. 206.] The United States Court of Appeals for the Eleventh Circuit granted Movant's motion to dismiss the appeal on December 28, 1999. [Doc. 207.][2]

---

[2] Movant filed a § 2255 motion on June 5, 2006. [Doc. 218.] The District Court, *Carnes, J.*, granted Movant's motion to withdraw the § 2255 motion on September 11, 2006. [Doc. 225.] Because that § 2255 motion was not resolved on the merits, the present § 2255 motion is not second or successive pursuant to 28 U.S.C. § 2244(b). [*See* Docs. 230, 231 (Orders of Eleventh Circuit denying as unnecessary Movant's applications for leave to file second or successive § 2255 motion).]

2

In his § 2255 motion, executed on October 10, 2016, Movant claims that (1) the plea agreement "[binds him] to an indictment that does not exist," (2) his counsel provided ineffective assistance in advising him to plead guilty, and (3) his plea was not knowing, intelligent, or voluntary. [Doc. 232 at 4-8, 13; Doc. 234 at 1.]

## II. Discussion

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a Government impediment to making the § 2255 motion was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), "[t]he Eleventh Circuit has not addressed the issue of the date a conviction becomes final when a direct appeal is voluntarily dismissed." *Adair*

3

*v. Tucker*, No. 5:12-cv-346-MP-GRJ, 2014 WL 2805227, at *2 (N.D. Fla. June 20, 2014).  The first option is the date on which the appeal is voluntarily dismissed, while the second option is ninety days thereafter, upon the expiration of the period to seek certiorari in the United States Supreme Court. *Id.*  In the present case, even if the second option is followed, the one-year statute of limitations expired for Movant no later than March 27, 2001.  Movant executed his § 2255 motion more than fifteen and one-half years late, on October 10, 2016.

Movant has not presented anything to (1) suggest the applicability of the circumstances set forth in § 2255(f)(2)-(4), (2) justify equitable tolling,[3] or (3) demonstrate actual innocence.[4]  Therefore, the District Court should dismiss the

---

[3] "Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[4] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

§ 2255 motion as untimely.[5]

As a result of the undersigned's recommendation that this matter be dismissed, Movant's motion to appoint counsel, [Doc. 234], is accordingly due to be denied.

### III. Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that

---

[5] The opportunity to object to this Final Report and Recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition of the matter. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); *Taylor v. United States*, 518 Fed. Appx. 348, 349 (6th Cir. Mar. 22, 2013) ("The district court properly denied Taylor's section 2255 motion on timeliness grounds because the court may *sua sponte* dismiss a motion as barred by the applicable one-year statute of limitations.") (citing *Day*, *id.*); *see also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to Section 2255 motions.") (citation omitted).

reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that the § 2255 motion is untimely. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's motion to appoint counsel, [Doc. 234], is

**DENIED**.

   **IT IS RECOMMENDED** that: (1) the § 2255 motion, [Doc. 232], be **DISMISSED** as untimely; (2) a COA be **DENIED**; and (3) civil action number 1:16-cv-3868-RWS-AJB be **DISMISSED**.

   The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

   **IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this 31st day of October, 2016.

                                                    _____
                                                    ALAN J. BAVERMAN
                                                    UNITED STATES MAGISTRATE JUDGE